SAMUEL CANTERBERRY et al. *v.* JONATHAN JORDAN.

Where two attachments are sued out by different plaintiffs and levied at the same time upon the same property of the defendant, the one attachment being a distress for rent, and the other upon an ordinary debt, and judgments are rendered at the same time in the circuit court upon both attachments: — *Held,* that although the defendant, in the attachment for rent, did not replevy or in any manner question the validity of the distress, and the circuit court may have erroneously taken jurisdiction of the matter, yet that did not destroy the right of the distress attachment to priority of satisfaction out of the property attached.

The statute in such cases (Hutch. Code, 808,) of distress for rent conferred the power on the officer to sell the property and apply the proceeds first to the payment of the rent due from the tenant to the landlord.  *Held,* that if the rights of the party were complete without the judgment of the court, that action did not affect them.

The court erred in appropriating money to pay the cost of the attachment for rent in the circuit court.

On appeal from the circuit court of Holmes county; Hon. Robert C. Perry, Judge.

This was a motion made by the sheriff of Holmes county for instructions from the court, to which of two judgments to apply certain money made by the sheriff upon an attachment for rent, and also one upon an ordinary debt against the same defendant, the plaintiffs being different, but the judgments having been rendered at the same time.

Canterberry et al. *v.* Jordan.

*Dyer* and *Hooker*, for appellants, .

Cited 4 S. & M. 579; 14 Ib. 75; 5 Wend. 161; 6 Pick. 232; 12 Johns. 434; Hutch. Code, 808; *Towns* v. *Boarman*, 23 Miss. 186; 1 S. & M. 351; 2 How. 669; 5 Ib. 668; 7 S. & M. 85; Walk. 30; 9 East, 192; 2 How. 649; 12 S. & M. 63; 4 Ib. 538; 1 Ib. 351; 2 Yerger, 241; 8 Johns. 194; *Bank of U. S.* v. *Moss*, 6 How. U. S. S. C. 31; Hutch. Code, 900, § 24.

*J. P. Provall*, for appellee,

In reply, cited 1 How. 99; 12 S. &. M. 63; Ib. 449; 1 Robison's Prac. 638; 3 Coke, Lit. 323; 4 How. 363; 13 S. & M. 349; 2 Bac. Abr. (Error, A.); 10 Coke, 77; 2 Stark. 674; 5 Cranch, 185; 6 Ib. 267; 10 Wheat. 192; 10 Peters, 449; 3 Ohio, 306; 2 Metc. 408; 3 Ib. 460; 3 How. U. S. S. C. 403; 3 Ver. 114; 3 Peters, 202, 207; 10 Wheat. 192; 2 Mod. 218; 2 Black. 1141; 1 Salk. 396; 1 Chit. on Plead. 181; 3 How. U. S. S. C. 341.

Mr. Justice FISHER delivered the opinion of the court.

This was a motion by the sheriff in the circuit court of Holmes county, asking instructions for the application of money, by virtue of two attachments against the estate of William Dinkins.

The first was issued at the suit of the plaintiffs, upon an ordinary debt due to the plaintiffs, on the ground that Dinkins was about to remove his effects, &c.

The other was a distress for rent due to Jordan. The sheriff supposing the property to be of a perishable nature, sold it soon after the levy, according to the provisions of the statute on that subject. Both writs were returned into the circuit court, and judgment rendered on both for the plaintiffs therein. After judgment and execution, the sheriff brought the money into court, and asked the court to direct its application; there not being enough to satisfy both demands. The court directed it to be applied to the attachment for rent, on the ground, we suppose, that the tenant's goods were first liable for that purpose.

It is insisted on behalf of the plaintiffs in error, that the judgment of the circuit court in the attachment for rent was void,

as the defendant therein did not replevy the goods, or in any other manner question the validity of the distress.    We think this view of the question entirely correct.    But it does not follow that because the court erroneously took jurisdiction of the matter, the goods were released from the attachment for rent, or that the officer whose duty it was to sell them as provided by the second section of the act of 1822, Hutch. Code, 808, was relieved from discharging his duty by selling the property and applying the money to the payment of the rent, or as much as might be necessary for that purpose.    The point was fully established by producing the attachment and papers connected therewith.    The attachment conferred on the sheriff power to sell the property ; and the law made it first liable to the payment of the rent due from the tenant to the landlord. If the court had no power to render the judgment, its action was simply void, but did not in the least change the rights of the parties, if their remedies were complete without a judgment.

The court, however, erred in appropriating money to pay the costs of the attachment for rent in the circuit court.    The plaintiff in that action had no right to the costs, as his proceeding was void.    He was only entitled to his rent, and the sheriff to the costs for levying and selling the property, &c.

For this error the judgment will be reversed, and the cause remanded.